IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCQUAL ANDREWS,<br><br>        Plaintiff,<br><br>    v.<br><br>P. KLAWITTER, et al.,<br><br>        Defendants.<br>_____ | Case No.: 1:11-cv-01671 AWI JLT<br><br>FINDINGS AND RECOMMENDATION DISMISSING THE ACTION WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND COMPLY WITH THE LOCAL RULES |

Marcqual Andrews ("Plaintiff") initiated this action by filing his complaint on October 3, 2011. (Doc. 1). For the following reasons, the Court recommends the action be **DISMISSED WITHOUT PREJUDICE**.

**I.  Relevant Procedural History**

On December 15, 2011, the Court attempted to serve its order re-designating the case as a regular civil action. (Doc. 9). However, the mail was returned as undeliverable, and the forwarding address was not known. Also, the Court attempted to serve its order reassigning the action, and new civil case documents on December 21, 2011. (Docs. 10-11). The documents were returned as undeliverable on January 24, 2012, and Plaintiff failed to notify the Court of a change of address.

**II.  Local Rules Requirements**

Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the Court apprised of his current address: "If mail directed to a plaintiff in propria persona by the Clerk is returned

by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." LR 183(b).  Because over 63 days have passed since the documents have been returned undeliverable, he has failed to comply with the Local Rules.

### III.     Discussion and Analysis

"District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules.  *See*, *e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9 th Cir. 2995) (dismissal for failure to comply with local rules); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action for failure to prosecute, failure to obey a court order, or failure to comply with the Local Rules, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal.  The risk of prejudice to the defendants also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action.  *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The Court will not, and cannot, hold the case in abeyance based upon Plaintiff's failure to prosecute or notify the Court of a change in address.  Further, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.

On October 4, 2011, the Court warned Plaintiff "<u>failure to comply with the Local Rules, Federal</u>

Rules, or a Court Order, including this Order, may result in dismissal of this action pursuant to Local Rule 110." (Doc. 3 at 1) (emphasis in original). Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order, and this satisfies the requirement that the Court consider less drastic measures than dismissal of the action. *Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424. Moreover, no lesser sanction is feasible given the Court's inability to communicate with Plaintiff.

## IV.    Findings and Recommendations

Plaintiff has failed to prosecute his case, comply with the Court's orders, and follow the requirements of the Local Rules in this action. As set forth above, the factors set forth by the Ninth Circuit weigh in favor of dismissal of the matter.

Accordingly, **IT IS HEREBY RECOMMENDED**:

1. This action be **DISMISSED WITHOUT PREJUDICE**; and
2. The Clerk of Court be directed to close this action because this order terminates the action in its entirety.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these Findings and Recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 5, 2012**                                        /s/ Jennifer L. Thurston
                                                                                  UNITED STATES MAGISTRATE JUDGE

3